UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ORTHOPEDIC PRACTICE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-8710** |
| **HARTFORD CASUALTY INSURANCE COMPANY** | **SECTION "T"( )** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed on behalf of the Defendant, Hartford Casualty Insurance Company ("Hartford) (Document 37) .  The parties waived oral argument and the matter was taken under submission on September 26, 2007.  The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### I.     BACKGROUND

Plaintiff operated a medical practice in a suite on the second floor of the Chalmette Medical Center.  Hartford issued a business insurance policy to Plaintiff.  During Hurricane Katrina, the first floor of the Chalmette Medical Center was submerged by flood waters.  Plaintiff's medical and office equipment and supplies, located on the second floor of the building, remained dry.

Plaintiff made a claim for damage to business personal property and for lost business income.  Contending that none of the business personal property was damaged, much less damaged by a covered cause of loss, Hartford made no payments to Plaintiff for the business personal property.  However, access to the Chalmette Medical Center was prohibited and no utilities were working after Hurricane Katrina.  In addition, the Chalmette Medical Center

building was damaged and Plaintiff submitted that 30% of its business came from dependant properties.  Based on these facts, Plaintiff was paid $111,301 in business income losses.

Hartford now moves for summary judgment on the entirety of Plaintiff's breach of contract claim.  Contending that they owe no indemnity obligation under the Policy, Hartford also claims that Plaintiff's extra-contractual claims fail as a matter of law.

## II.    LAW AND ANALYSIS

### A.    SUMMARY JUDGMENT

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), *cert. denied*, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for

the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

  **B.** **PLAINTIFF'S BREACH OF CONTRACT CLAIM**

  **1.** *Personal Business Property*

Plaintiff seeks payment under its business personal property coverage for its inability to retrieve office and medical equipment and supplies for an unspecified period of time. The Policy provides coverage for direct physical loss or damage to the equipment and supplies:

> **SPECIAL PROPERTY COVERAGE FORM**
>
> **A.** **COVERAGE**
>
> > We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations (also called described premises in this policy) caused by or resulting from any Covered Cause of Loss.
>
> **3.** **Covered Causes of Loss**
>
> > RISKS OF DIRECT PHYSICAL LOSS unless the loss is:
> >
> > a. Excluded in **B., EXCLUSIONS**; or
> >
> > b. Limited in Paragraph **A.4.**, Limitations; that follow.

Robert Currie, adjustor for Hartford, recommended no payment to Plaintiff for business personal property based on his inspection of Plaintiff's office in which he found "no evidence of damage to the office or its contents." Arguing that Plaintiff has failed to provide any evidence of direct physical loss of or damage to business personal property, Defendant contends that Plaintiff's claim for business personal property damage coverage fails.

Plaintiff disputes this claim relying on photographs which show mold contamination of

medical equipment and were presented to Mr. Currie, and provided to Hartford in the Rule 26(A) Initial Disclosures.  Mr. Currie's final report contains a notation next to a picture of Orthopedic's x-ray machine evidencing his observation of rust on the stainless steel parts of the machine and also indicates that he was unable to determine if any of the business personal property had sustained damage due to the power outage.  In addition, Plaintiff references a letter from Hartford's inside claims handler to Dr. Baker which states:

> We are writing in reference to your property claim, submitted as a result of Hurricane Katrina.  We hired Reid, Jones, McRorie & Williams to adjust your claim.  Unfortunately, their report indicated that the only possible damage was to the equipment, but it had not yet been confirmed, due to the inaccessibility of the office.  We recently learned that there was many other damaged items, including all of the medication.  We will consider any property that was damaged in your office.  Please forward documentation to the attention of the undersigned..."

Plaintiff argues that this supports its argument that genuine issues of material facts exist as to the claims asserted against the defendant.

We must examine the terms of the Policy, which provides:

**SPECIAL PROPERTY COVERAGE FORM**

**B.    EXCLUSIONS**

2.  We will not pay for loss or damage caused by or resulting from:

   c.  Miscellaneous Types of Loss:

      (2)  <u>Rust</u>, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself.

      (5)  Nesting or infestation, or discharge or release of waste products or secretions, by insects, birds, rodents, <u>mold</u>, spore or other animals.

An insurance policy is a contract, and it constitutes the law between the parties. *Pareti v. Sentry Indem. Co.*, 536 So.2d 417, 420 (La. 1988).  The judicial responsibility in interpreting

insurance contracts is to determine the parties' common intent. *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So.2d 759, 763 (La. 1994). The parties' intent, as reflected by the words in the policy, determines the extent of coverage. *Id.* (emphasis added). When the words of the policy are clear and explicit and lead to no absurd consequences, the policy must be enforced as written and courts may make no further interpretation in search of the parties' intent. *Peterson v. Schimek*, 729 So.2d 1024, 1028 (La. 1999).

The Louisiana Supreme Court has succinctly articulated the well-settled burden of proof in a suit on an insurance policy: "[i]n an action under an insurance contract, the insured bears the burden of proving the existence of the policy and coverage. The insurer, however, bears the burden of showing policy limits or exclusions." *Tunstall v. Stierwald*, 809 So.2d 916, 921 (La. 2002). Thus, Plaintiff must prove coverage. To reach trial on this issue and avoid summary judgment, Plaintiff must have "significant probative evidence" on which the trier of fact could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

The words of the Policy at issue are clear and explicit and, if enforced, will lead to no absurd consequence. As this Court must enforce the contract as written, evidence of rust and mold to Plaintiff's equipment is immaterial, as the Policy expressly excludes rust and mold.

In addition to rust and mold damage, Plaintiff argues that a genuine issue of material fact exists with respect to the electrical damage. However, Plaintiff submitted no evidence that the equipment was in fact damaged electrically. Defendant argues, and this Court agrees, that Bob Currie's inability to test the equipment for electrical damage is insufficient to raise a genuine issue of material fact as to whether the property was in fact damaged electrically. Plaintiff must do more than simply show that there is some metaphysical doubt as to the material facts. Fed. R.

Civ. P. 56(e).

Accordingly, Plaintiff has offered no evidence of a covered cause of loss and failed to meet its burden of proof, Hartford is entitled to summary judgment as a matter of law.

### 2. *Business Income Coverage*

Contending that the differences of opinions and findings between each of the parties' forensic accounts creates a genuine issue of material fact, Plaintiff argues that summary judgment is not appropriate on the issue of whether Plaintiff is entitled to an increase in the amount already received in business income coverage. The business income coverage provision in the Policy at issues provides coverage only when the suspension of operations was caused by covered direct physical loss or damage to the property. *See* Exhibit A to Hartford's Motion for Summary Judgment, Policy, Special Property Coverage Form Page 5 of 17, Section A. Cover, 5. Additional Coverages, k. Business Income. The only evidence presented by Plaintiff to support its argument that the damage to the equipment or medication resulted from a covered cause of loss that caused the suspension of operations is the rust and mold, both of which are not covered causes of loss because each are excluded under the Policy.

The Court agrees with defendant's contention that the accountant's opinion on the amount of business income actually lost by Plaintiff has no bearing on this coverage issue because he adds nothing towards establishing that the loss of business income is attributable to a covered cause of loss. His report raises no genuine issue of material fact as to whether business income was caused by a covered cause of loss. As Plaintiff has no evidence that the alleged property damage was caused by or a result of a covered cause of loss, Hartford is entitled to summary judgment on Plaintiff's business income claim.

### C. PLAINTIFF'S EXTRA-CONTRACTUAL CLAIMS

Finally, Plaintiff pleads a claim for insurance bad fait and seeks penalties and attorney fees. Louisiana law recognizes that extra-contractual claims do not stand alone, but depend on a valid underlying claim. *Clausen v. Fidelity & Deposit Co. Of Md.*, 660 So.2d 83, 85-86 (La. Ct. App. 1995) (no cause of action for bad faith "absent a valid, underlying, insurance claim"); *Phillips v. Patterson*, 813 SO.2d 1191, 1195 (La. Ct. App. 2002) (same); *Hardy v. Hartford Ins. Co.*, 236 F.3d 287, 293 (5th Cir. 2001) (holding that where insurer had no duty to provide coverage, it did not violate La. R.S. 22:1220). This Court has found that contractual claim fails a as a matter of law. Therefore, Plaintiff's extra-contractual claims also fail as a matter of law.

Accordingly,

**IT IS ORDERED** that Hartford Insurance Company's Motion for Summary Judgment (Rec. Doc. 37) is **GRANTED**.

New Orleans, Louisiana, this 10th day of March, 2008.

_____
**UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.**