UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ORTHOPEDIC PRACTICE, LLC**          **CIVIL ACTION**

**VERSUS**                            **NO:      06-08710**

**HARTFORD CASUALTY INSURANCE CO.**   **SECTION: "T" (4)**

## ORDER

On October 18, 2008, the Court granted as unopposed Hartford Casualty Insurance Company's Motion to Compel and for Attorneys' Fees (R. Doc. 50), filed by the Defendant, Hartford Casualty Insurance Co. ("Hartford"). (R. Doc. 54.) In its motion, Hartford sought the award of reasonable attorney's fees associated with bringing the motion. Thus, the Court ordered Hartford to file a motion to fix attorney's fees into the record. (R. Doc. 54.) Hartford subsequently filed a **Motion to Fix Attorney's Fees and Costs (R. Doc. 56)**, and attached an affidavit and an itemized invoice for services rendered by its counsel, Martin R. Sadler ("Sadler"), Patrick M. Kemp ("Kemp"), and Ethan D. Carlyle ("Carlyle"). In opposition, the Plaintiff, the Orthopedic Practice, LLC ("Orthopedic") filed Plaintiffs' Memorandum in Opposition to Hartford Fire Insurance Company's Motion to Fix Attorneys' Fees and Costs (R. Doc. 59). Thereafter, Hartford submitted Hartford Casualty Insurance Company's Reply to Plaintiff's Response to Motion to Fix Attorneys' Fees and Costs (R. Doc. 64).

In total, Hartford seeks the recovery of $1,417.50 in attorney's fees. According to Sadler's affidavit, he expended 2.80 hours on Hartford's motion at a rate of $195.00, for a resulting total of $546.00. (R. Doc. 56-3, p. 2.) Additionally, Kemp and Carlyle spent 5.8 hours at a rate of $155.00 for a total of $899.00. (R. Doc. 56-3, Ex. A, p. 2.) Sadler also avers in his affidavit that he incurred $273.30 in travel expenses traveling to orally argue the motion, but will only allocate $68.32 in travel expenses to the motion to compel, as he worked on other matters while traveling from Texas to Louisiana to attend oral argument. (R. Doc. 56-3, Ex. A, p. 2.)

**I.   Background**

Orthopedic filed suit against Hartford alleging that on August 29, 2005, its property located at 9000 Patricia Street in Chalmette, Louisiana sustained severe wind damage as a result of Hurricane Katrina. Specifically, wind-driven rain entered the above-described premises destroying and damaging all of the office contents including its computers, equipment and supplies, rendering them unusable.

At the time the storm hit, Orthopedic alleges that its property was covered by a business interruption and contents coverage policy. Orthopedic alleges that on October 6, 2005, it promptly notified Hartford of its loss, but it was not until May 25, 2006 that Hartford made its initial tender. Orthopedic complains that Hartford still owes it under the terms and conditions of the policy of insurance.

In connection with the proceedings, Hartford propounded interrogatories and document production requests to Orthopedic on June 28, 2007. Hartford thereafter filed a motion to compel. (R. Doc. 50.) The matter was set for hearing with oral argument on October 17, 2007 and Sadler traveled to and attended the hearing. However, counsel for the Orthopedic failed to appear. As a

result, the undersigned granted Hartford's motion compelling answers to its written discovery and also its request for attorneys fees. Counsel was thereafter instructed to file a supplement to the request for attorney's fees so that the court could determine the amount of fee that is reasonable under the circumstances. (R. Doc. 52.) Having received the supplemental information, the Court is now ready to proceed with its analysis on the issue.

## II.     Standard of Review

The Fifth Circuit has noted that "[a] reasonable attorneys' fee is one that is adequate to attract competent counsel, but . . . that does not produce windfalls to attorneys." *Leroy v. City of Houston*, 906 F.2d 1068, 1078-1079 (5th Cir. 1990) (internal quotations omitted) (quoting *Blum v. Stenson*, 465 U.S. 886 (1984). The party seeking attorney's fees has the burden of establishing the reasonableness of the fees by "submit[ting] adequate documentation of the hours reasonably expended." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997).

### A.     The Lodestar

The Supreme Court has noted that the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The product of this calculation is called the lodestar. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The lodestar is presumed to yield a reasonable fee. *See Blum,* 465 U.S. 886, 898-900 (1984).

The court must then consider the applicability and weight of the twelve factors set forth in

*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar is presumptively correct and should be modified only in exceptional cases. *Id.*

The burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

### B.  Reasonable Hourly Rate

Attorney's fees are to be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum* 465 U.S. at 895. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work. *Blum*, 465 U.S. at 896 n.11. It must also speak to rates actually billed and paid in similar lawsuits. Thus, testimony that a given fee is reasonable is not satisfactory evidence of market rate. *See Hensley,* 461 U.S. at 439 n. 15.

Evidence of rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d 717-719.

affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).

### C. Reasonable Hours Expended

The party seeking attorney's fees must present adequately documented time records to the court. *Watkins v Fordice,* 7 F.3d 453, 457 (5th Cir. 1993). As a general proposition, all time that is excessive, duplicative or inadequately documented should be excluded from any award of attorney's fees. *Raspanti v. United States Dept. of the Army*, No. CIV.A.00-2379, 2001 WL 1081375, at *6 (E.D. La. Sep. 10, 2001). Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)).

The fee seeker's attorney is "charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment." *Walker,* 99 F.3d at 770. When billing judgment is lacking, the court must exclude from the lodestar calculation the hours that were not reasonably expended. *Hensley,* 461 U.S. at 434.

The party seeking the award must demonstrate the exercise of billing judgment by showing all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434.

### III. Analysis

#### A. Hourly Rate

In support of the hourly rate, Sadler submits an affidavit indicating that he is a partner with

the law firm of Martin, Disiere, Jefferson & Wisdom, LLP and licensed to practice in Texas. (R. Doc. 56-3.) He avers that he has been admitted to this Court *pro hac vice* for the purpose of representing Hartford Casualty in the subject matter and has been practicing law for thirteen (13) years and therefore is familiar with the fee structures for handling cases of this type. (R. Doc. 56-3.) Sadler indicates that his rate for the subject case was $195.00 and the rate for Kemp and Carlyle, the attorneys assisting him on the matter was $155.00 an hour. However, he does not provide any information as to Kemp or Carlyle's legal background or experience in the practice of law.

The Fifth Circuit has held that "when an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power and Light*, 50 F.3d at 328.

Here, Sadler's is uncontested by Orthopedic or its counsel. Therefore, the rate of $195.00 sought for Sadler is *prima facie* reasonable. While Sadler provided the Court with information about his legal qualifications and his history in practicing law, Sadler failed to provide any information regarding the qualifications of his associate counsel. Therefore, the Court does not have sufficient information before it to examine the reasonableness of the fees incurred by Kemp and Carlyle. Consequently, the Court will only consider Sadler's fees in the subject Order.

  **B.** **Hours Expended**

The billing record submitted to this Court contain no mention of any hours expended but not billed to the client. It is therefore presumed that Sadler did not exercise billing judgment. When billing judgment is lacking, as in this case, the Court must exclude from the lodestar the calculation of the hours that were not reasonably expended. *Walker*, 99 F.3d at 770. The remedy for failing to

exercise billing judgment is to reduce the hours awarded as a percentage. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

In this case, the Court conducts a line-by-line analysis of Sadler's affidavit, and the fee listing associated with the motion to compel discovery. As indicated above, the Court cannot adequately determine the reasonableness of the rate or fee charged by Kemp and Carlyle, and therefore excludes their hours, which totals 5.80 hours. However, in examining the remainder of the fee petition, the Court concludes that the 2.50 hours that Sadler expended on the motion are reasonable under the circumstances.

The Court notes that in Sadler's affidavit, he avers that he spent 0.70 hours preparing the motion to compel and 2.10 hours preparing for and orally arguing the motion before the Court, for a total of 2.80 hours. (R. Doc. 56-3, Ex. A, p. 2.) However, in the itemized invoice that he attaches to the fee petition, his work totals only 2.50 hours. (R. Doc. 56-4, p. 1.) Specifically, he expended 0.40 hours in reviewing the contested discovery and strategizing for the motion to compel, and then spent 2.10 hours in preparing for oral argument. (R. Doc. 56-4, pp. 1-2.) Based on these conflicting numbers, the Court awards fees based on the amount specifically itemized in the invoice, 2.50 hours. Therefore, the Court awards Sadler's fees of $195.00 on 2.50 hours, for a total of $487.50.

Sadler also seeks reimbursement for travel costs. However, while he prorates the amount attributable to Hartford, Sadler fails to provide the Court with any documentation that supports the requested travel costs. Without a copy of the attached itinerary or invoice, the Court cannot determine the reasonableness of the travel expenses. Therefore, the requests for costs is denied.

### C. The *Johnson* Factors

Once the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure in this case.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the remaining portion of the **Motion to Fix Attorney's Fees and Costs (R. Doc. 56)** is **GRANTED**. The Court finds a fee of $487.50 is reasonable. The Orthopedic Practice, LLC is ordered to pay Hartford Casualty Insurance Co. no later than **twenty (20) days** of the signing of this Order.

New Orleans, Louisiana, this 8th day of April 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**